UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| IN RE: HARDIEPLANK FIBER CEMENT SIDING LITIGATION | Case No. 12-md-2359<br>MDL No. 2359 |
| THIS DOCUMENT RELATES TO ALL ACTIONS | PRETRIAL ORDER NO. 2 |

---

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Retired Chief United States Magistrate Judge Jonathan Lebedoff is hereby appointed under Rule 53 of the Federal Rules of Civil Procedure as Special Master for discovery and pretrial purposes in the HardiePlank Fiber Cement Siding Litigation, MDL No. 2359. The parties had notice and the opportunity to be heard and have agreed to this appointment. The affidavit required by Federal Rule of Civil Procedure 53(b)(3) is attached to this Order. The Court has "consider[ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay." Rule 53(a)(3). Retired Chief United States Magistrate Judge Lebedoff is highly experienced in presiding over federal discovery matters in this District, including discovery in

1

MDL cases. His expertise and availability will contribute to more efficient and fair discovery in this matter.

## I. Powers

The Special Master shall have the rights, powers, and duties provided in Rule 53 and may adopt such procedures as are not inconsistent with the Rule or with this or other orders of the Court. These powers include the right to establish discovery and pretrial schedules; review and attempt to resolve any discovery conflicts; supervise discovery; schedule, convene, preside over, and otherwise conduct any meetings, hearings, conferences, or proceedings necessary to resolve discovery disputes; and prepare and file decisions and recommendations, and other necessary reports regarding discovery issues. The Special Master is directed to proceed with all reasonable diligence.

## II. Ex Parte Communications

The Special Master may communicate ex parte with the Court at the Special Master's discretion, without providing notice to the parties, regarding logistics, the nature of his activities, management of the litigation, and other appropriate procedural matters. The Court may later limit the Special Master's ex parte communications with the Court with respect to certain functions, if the

role of the Special Master changes, such as if the Special Master is used as a mediator for settlement negotiations.

The Special Master may communicate ex parte with counsel to address any procedural or scheduling issues, without providing notice to the parties.

**III. Records**

The Special Master shall maintain normal billing records of his time spent on this matter, with reasonably detailed descriptions of his activities and matters worked upon. The Special Master need not preserve for the record any documents created by the Special Master that are docketed in this or any other court, nor any documents received by the Special Master from counsel or parties in this case. The Court may later amend the requirements for the Special Master's record keeping if the role of the Special Master changes.

**IV. Review of the Special Master's Order's**

The Special Master shall reduce any formal order, finding, report, or recommendation to writing and file it electronically on the case docket via CM/ECF. Any party may file an objection to a formal order, finding, report, or recommendation by the Special Master within 14 calendar days of the date it was electronically filed; failure to meet this deadline results in waiver of any objection

to the Special Master's orders, findings, reports, or recommendations. Absent a timely objection, the orders, findings, reports, and recommendations of the Special Master shall be deemed approved, accepted, and ordered by the Court, unless the Court explicitly provides otherwise.

The Court shall review the Special Master's orders, findings, reports, and recommendations under the standards set forth in Federal Rule of Civil Procedure 53(f).

**V.  Compensation**

The fee for the Special Master shall be $400 per hour. This fee shall be paid to the Special Master upon receipt of the Special Master's invoice. The fee shall be borne by the mutual agreement of the parties. In the event the parties are not able to agree, after due notice and hearing, the Court shall allocate responsibility for the payment of the Special Master's fee amongst the parties. The Special Master shall incur only such fees and expenses as are reasonably necessary to fulfill his duties under this Order, or such other Orders as the Court may issue.

**VI.  Cooperation**

The Special Master shall have the full cooperation of the parties and their counsel. As an agent and officer of the Court, the Special Master is entitled to

absolute quasi-judicial immunity.  Failure to comply with any part of this Order shall subject the parties to appropriate sanctions to include assessment of costs against the delinquent party, dismissal, or other relief the Court may deem appropriate.


Dated:  October 1, 2012              s/ Michael J. Davis
                                                     Michael J. Davis
                                                     Chief Judge
                                                     United States District Court