## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re HardiePlank Fiber Cement Siding Litigation, | MDL File No. 12-md-02359-MJD-LIB |
| This document relates to: All Actions | |
| | **PRETRIAL ORDER NO. 3** |

This Order establishes a protocol for the submission and review of attorneys' fees and expenses in this MDL. Each attorney submitting a monthly time or expense report pursuant to this Order shall be considered as representing to the Court, under oath, that the time and expense submitted meets the criteria set forth below. The following protocol shall be used by any counsel who intends to seek attorneys' fees and/or expense reimbursement from settlements/judgments relating to the HardiePlank Fiber Cement Siding litigation.

## I.     GENERAL PROVISIONS

Each firm is required to maintain contemporaneous and detailed time and expense records. The Court approves the Time and Expense Report Form attached as Exhibit A.

The initial time and expense report shall cover the time period from inception of the MDL through September 30, 2012 and shall be submitted by October 20, 2012[1]. Thereafter, Counsel shall, by the 20th day of each month, electronically submit to Lead Counsel a report of their time and expense records for the preceding month in the manner and format set forth herein. Failure to keep time and expense reporting current will be grounds for denying any subsequent request for reimbursement.

---

1      *See also* § V, *infra*.

### A.     Authorization Required

Only time and expenses authorized by Lead Counsel and incurred on matters that advance the common benefit effort will be considered as compensable.  "Read and review" time will not be compensated unless you were assigned to work on the submission or otherwise had a compelling reason to do so.  No time or expense spent on developing or processing your case for an individual client will be considered or should be submitted.

### B.     An Overview of Compensable Time

Although all common benefit attorney fee requests will be viewed through the *Johnson*[2] prism, the analysis first requires identifying "compensable" time through an illustrative list of germane questions such as those that follow:

- Was the activity authorized?

- Was the time properly described?

- Was it necessary?

- Was it reasonable?

- Was it excessive?

- Was it duplicative?

- Did the activity actually advance the common benefit effort?

---

[2]     *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974).  The *Johnson* factors for determining the amount of an attorney fees award are:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the political undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

461573.1

Essentially, the only common benefit time that is compensable is time which (1) is properly and timely documented; (2) authorized; and (3) was necessary, reasonable and actually advanced the common benefit effort.

### C.    Categories of Time That Will Not be Compensated

The following categories are examples of time that will not be compensated absent extraordinary circumstances.

- Read and review time for persons not overseeing or directly participating in a project.

- Time spent by each firm creating and compiling the monthly time and expense reports in this Order.

- All time and expense descriptions that are incomplete.

- Clerical time related to file maintenance.

- Time billed by two or more people in the same firm unless both people are required to attend the same court hearing or meeting or are specifically requested to attend or work on a project together.

## II.    EXPENSE REPORTS/COSTS

Expense reports should itemize out-of-pocket, case-related expenses in the column for the current monthly amounts and the column for the cumulative amounts.  If there is a "Miscellaneous/Other" expense item on a report, the item must describe on that month's report the nature of the "Miscellaneous/Other" item.  Routine office supplies are not compensable expenses.  Good judgment shall be used on travel and other expenses, and shall be kept within reasonable limits.  Personal expenses such as entertainment will not be allowed.  Airline travel is to be billed at coach fare; any upgrades will be at the individual's own expense.

### A.    Expense Reporting:  Rules Regarding Shared and Held Costs

1.    **Receipts.**  Unless otherwise addressed below, each expense claim must be properly documented by a receipt or some other form of proof of payment acceptable for ultimate presentation and approval by the Court.  Copies of receipts need to be submitted on a monthly basis.  Originals must be available for production upon request.  Cash advances will not be considered for reimbursement without evidence of payment made with the case.

461573.1

2.    **Common Shared & Held Costs.**  Costs advanced by a firm will be deemed as either common "Shared" or "Held."

    a.    Shared Costs are costs that will be paid out of a separate Plaintiffs' MDL No. 2359 Fund account established by Plaintiffs' Counsel at U.S. Bank, and to be funded by Lead Counsel and all members of the Executive Committee and others as determined by the Executive Committee.  The MDL No. 2359 Fund account will be administered by Plaintiffs' Lead Counsel.

    b.    Generally, costs in the categories below shall be considered Common Shared Costs.

        1.    Court, filing and service costs of common pleadings

        2.    Deposition and court reporter costs of common pleadings

        3.    Document Depository; Creation and Administration - Equipment for Executive Committee Administrative Matters (including but not limited to LexisNexis service, website, etc.)

        4.    Equipment and leases for group common expenses (e.g., computer equipment)

        5.    Expert witness and consultant fees

        6.    Extraordinary postage (mass mailing)

        7.    Printing, copying, coding, scanning (outside vendor or extraordinary and related solely to common issues)

        8.    Executive Committee group meetings and expenses as approved by the Executive Committee

        9.    Research by outside third party

        10.    Telephone conference calls (third party)

        11.    Common Witness expenses including travel

        12.    Translation Cost

3.    **Held Costs.**  Costs generally not considered common Shared Costs shall be Held Costs.  Held Costs are those that will be carried by each attorney in MDL No. 2359 and reimbursed as and when determined by Lead Counsel and the Executive Committee.  No specific client-related costs can be considered as held costs.  All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and

qualify to be submitted for consideration by the Lead Counsel and the Executive Committee or its designee(s) for future reimbursement.  An illustrative list includes:

1.      Fax charges (only actual long distance charges)
2.      Postage, Shipping, Courier, Certified Mail
3.      Printing & Photocopying (in-house) (not to exceed $0.15 per page)
4.      Computerized research - Lexis/Westlaw
5.      Telephone - local and long distance
6.      Travel:
       a.      Airfare (Coach rate)
       b.      Reasonable ground transportation
       c.      Reasonable hotel
       d.      Reasonable meals
       e.      Reasonable other (e.g., parking)
7.      Assessments
8.      Car rentals, cabs, etc.
9.      Investigative Services

**B.      Assessments:**

Lead Counsel and each member of the Executive Committee shall contribute to the MDL No. 2359 Fund at times and in amounts sufficient to cover Plaintiffs' expenses for the administration of the MDL.  The timing and amount of each assessment will be determined by Lead Counsel, with the advice and consent of the Executive Committee, and each assessment will be paid to Plaintiffs' Lead Counsel.  Failure to pay assessments will be grounds for suspension from the Executive Committee or a position within the Plaintiffs' leadership structure in the litigation and bar the firm from performing work in MDL 2359.

**C.      Non-Travel Limitations:**  The following apply:

1.      <u>Long Distance and Cellular Telephone</u>:  Long distance and cellular telephone charges must be documented.  Copies of the telephone bills must be submitted with notations as to which charges relate to MDL No. 2359.

2.      <u>Shipping, Courier, and Delivery Charges</u>:  All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

461573.1

3.      <u>Postage Charges</u>:   A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

4.      <u>Telefax Charges</u>:   Contemporaneous records should be maintained and submitted showing faxes sent and received.

5.      <u>In-House Photocopy</u>:   A contemporaneous photocopy log or other supporting documentation must be maintained and submitted.   The maximum copy charge is $0.15 per page.

6.      <u>Secretarial and Clerical time</u>:   An itemized description of the task and time spent must be submitted for secretarial and clerical time. All overtime must be approved before submission by the Lead Counsel.

7.      <u>Computerized Research–Lexis/Westlaw</u>:   Claims for Lexis, Westlaw, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services. Copies of all computerized research bills must be submitted with notations as to which charges relate to MDL No. 2359.

8.      <u>Equipment Purchases</u>.   Purchases of equipment, including laptop computer purchases for and utilized by the individual attorneys and their staff, even if used primarily for MDL No. 2359, are not to be claimed, absent special circumstances approved by the Lead Counsel.

## III.    SUBMISSION OF SHARED EXPENSES

An expense request shall be completed and submitted with copies of receipts and logs.

## IV.    SUBMISSION OF HELD EXPENSES

The expense report attached as Exhibit B shall be completed and submitted with copies of receipts and logs.

## V.    SUBMISSION OF TIME REPORTS

Time and expense reports shall be submitted electronically to Lead Counsel at rshelquist@locklaw.com, with a copy to kjleroy@locklaw.com.   The first report covering all time through September 30, 2012 shall be due on or before October 20, 2012.   If

reports have been submitted to Lead Counsel previously, only the monthly updates as specified in this Order need to be submitted.  If sent by mail, the reports should be directed to:

Robert K. Shelquist

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

100 Washington Avenue South, Suite 2200

Minneapolis, MN 55401

Telephone:  612-339-6900

Fax:  612-339-0981

The time report must list the name and title of all persons in the submitting firm who work on the case, together with the number of years the attorney has been in practice, the current number of hours each individual worked for the reported month, the current rate in effect for each individual for that month, the current monthly lodestar (fee) amount, the cumulative hours, and the cumulative lodestar.  Once an individual appears on the time report, they shall remain on the time report with at least the cumulative amounts carried forward on all future reports.  The cumulative columns are running totals based on historical amounts.  Changes to the cumulative amounts only occur when new monthly amounts are added to the cumulative amounts from the previous report.  If there are no new current amounts, the cumulative totals remain the same.

A listing of all time shall be submitted by the 20th of each month denoting:

I.      Date
II.     Description
III.    Timekeeper name
IV.     Time (.1 hour increments)

IT IS SO ORDERED.

Dated:  October 3, 2012                          s/ Michael J. Davis
                                                 Chief Judge Michael J. Davis

461573.1