UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IN RE: HARDIEPLANK FIBER CEMENT SIDING LITIGATION

Case No. 12-md-2359
MDL No. 2359

THIS DOCUMENT RELATES TO ALL ACTIONS

PRETRIAL ORDER NO. 4

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Pretrial Order No. 2 is amended to grant the following additional powers to Special Master Jonathan Lebedoff:

Retired Chief United States Magistrate Judge Jonathan Lebedoff is hereby appointed under Rule 53 of the Federal Rules of Civil Procedure as Special Master for settlement purposes in the HardiePlank Fiber Cement Siding Litigation, MDL No. 2359. The parties had notice and the opportunity to be heard and have agreed to this appointment. The affidavit required by Federal Rule of Civil Procedure 53(b)(3) is attached to Pretrial Order No. 2. The Court has "consider[ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay." Rule

53(a)(3). Retired Chief United States Magistrate Judge Lebedoff is highly experienced in conducting settlement mediations in complex cases in this District. His expertise and availability will contribute to an efficient and fair resolution of this matter.

## I.     Powers

The Special Master shall have the rights, powers, and duties provided in Rule 53 and may adopt such procedures as are not inconsistent with the Rule or with this or other orders of the Court. These powers include the power to address all non-dispositive pretrial motions; to direct, manage, and facilitate settlement negotiations among the parties; to assist in settlement negotiations in any way he believes is appropriate to attempt to resolve this case either globally or on some individual basis; to issue any orders to aid in his supervision of settlement negotiations as he may deem necessary; to mediate settlement of the cases in this MDL; and to order formal mediation, if he believes it is appropriate, and serve as the official mediator. The Special Master is directed to proceed with all reasonable diligence.

## II.    Ex Parte Communications

In addition to the standards set forth in Pretrial Order No. 2, the Court provides that the Special Master may communicate ex parte with the Court at the Special Master's discretion, without providing notice to the parties, on the status of the mediation process, but those communications should be limited to matters general to the mediation process and not to specifics or to the merits of the mediation or to the respective parties' positions or statements made during the course of the proceedings.  With the consent of lead counsel, the Special Master may communicate ex parte with any counsel on the merits of the disputes or regarding settlement.

### III.  Records

The Special Master's duties regarding records are fully set forth in Pretrial Order No. 2.

### IV.  Review of the Special Master's Orders

The method and standard of review of the Special Master's Orders is fully set forth in Pretrial Order No. 2.

### V.  Compensation

The Special Master's compensation is fully set forth in Pretrial Order No. 2.

### VI.  Cooperation

The Special Master shall have the full cooperation of the parties and their counsel.  As an agent and officer of the Court, the Special Master is entitled to absolute quasi-judicial immunity.  Failure to comply with any part of this Order shall subject the parties to appropriate sanctions to include assessment of costs against the delinquent party, dismissal, or other relief the Court may deem appropriate.

Dated:  October 3, 2012             s/ Michael J. Davis
                                    Michael J. Davis
                                    Chief Judge
                                    United States District Court